IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>vs.<br><br>REXAM BEVERAGE CAN COMPANY, INC.<br><br>   Defendant. | CIVIL ACTION #<br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Jaime Garza who was adversely affected by such practices. The Defendant Employer discriminated against Jaime Garza on the basis of his race (Hispanic) and national origin (Mexico) by subjecting him to harassment, demotion, disparate discipline, and other different terms and conditions of employment as set forth in paragraph eight (8) of this complaint.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Rexam Beverage Can Company, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Alabama and the City of Birmingham, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jaime Garza filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since the middle of May, 2004, and continuing thereafter, Defendant Employer engaged in unlawful employment practices at its Birmingham, Alabama facility, in violation of Section 703(a)(1), 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a). In particular, the Defendant Employer engaged in unlawful employment practices at and around its facility in Birmingham, Alabama, through the actions of its supervisors and employees. Since at least the middle of

May, 2004 and continuing thereafter, supervisors and employees of defendant subjected Jaime Garza to disparate terms and conditions of employment, including unlawful harassment, demotion, and disparate discipline because of his race and national origin in violation of Title VII.

8. More specifically, Defendant's unlawful conduct included, but were not limited to, subjecting Jaime Garza's work to closer scrutiny, not providing him with adequate employment-related training and support, removing him from his position to a lesser position, and unfairly disciplining him.

9. The effect of the practices complained of in paragraph eight (8) above has been to deprive Jaime Garza of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Hispanic) and national origin (Mexican).

10. The unlawful employment practices complained of in paragraph eight (8) above were intentional.

11. The unlawful employment practices complained of in paragraph (8) above were done with malice or with reckless indifference to the federally protected rights of Jaime Garza.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment and any other employment practice which discriminate on the basis of race and/or national origin.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees of all races and national origin, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination, and harassment.

D.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

E.   Order Defendant Employer to make whole Jaime Garza by providing affirmative relief necessary to eradicate the effects of its unlawful employment practices.

F.   Order Defendant Employer to make whole Jaime Garza by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph eight (8) above in amounts to be determined at trial.

G.   Order Defendant Employer to make whole Jaime Garza by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph eight (8) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.   Order Defendant Employer to pay Jaime Garza punitive damages for its malicious and reckless conduct described in paragraph eight (8) above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted

RONALD COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street N. W.
Washington, D. C.  20507

_____
C. EMANUEL SMITH (MS #7473)
REGIONAL ATTORNEY

_____
JULIE LEE (D.C. #433292)
SUPERVISORY TRIAL ATTORNEY


_____
J. MARK GRAHAM (LA06216)
SENIOR TRIAL ATTORNEY

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000

1130 22nd Street, South  
Birmingham, AL 35205  
(205) 212-2054  
Fax: (205) 212-2041  
E-mail: john.graham@eeoc.gov